CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 19 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| APRIL ELKASHEF, ) | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00550 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DAVID MCDONALD, ) | |
| MEDICAL DIRECTOR, ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

Plaintiff April Elkashef, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In her complaint, Elkashef alleges that the defendant doctor at Fluvanna Correctional Center for Women ("FCCW") in Troy, Virginia, failed to ensure that she received proper medical treatment for a thyroid condition, in violation of her constitutional rights. She seeks monetary relief. Upon consideration of the complaint, the court finds that this action must be dismissed without prejudice because plaintiff admits on the face of her complaint that she had not yet exhausted administrative remedies before filing this action.

### Background

Elkashef alleges the following sequence of events on which her claims are based. As of September 10, 2008, she had been without her thyroid medication for one month and nine days. She was beginning to have symptoms of "shock." She believes that going without this medication is life-threatening to her. She wrote an emergency grievance to the medical unit, but was told that she was fine. She filed requests to the medical department on September 11 and 14, 2008, with "no results." Her symptoms grew worse until she was admitted to the infirmary. After 24 hours of observation, Dr. McDonald released her with no follow ups. Her symptoms stayed the same. She filed a

grievance to the FCCW grievance coordinator on September 29, 2008, and the grievance coordinator referred it to the medical unit. On October 2, 2008, Elkashef was again placed on thyroid medication. She now has two large goiters and severe swelling in her neck due to lack of medication. She states that her appeal from the grievance response was still pending at the time she composed her § 1983 complaint.

## Discussion

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. 81, 90 (2006). While failure to exhaust as required under § 1997e(a) is an affirmative defense, the court may raise the issue of exhaustion on its own motion and "in the rare case where failure to exhaust is apparent from the face of the complaint," may summarily dismiss a complaint on that ground. Anderson, 407 F.3d at 682.

The court finds it clear from the face of Elkashef's complaint that she did not complete all available administrative remedies before filing this lawsuit. Her own allegations indicate that she first filed a formal "grievance" on September 29, 2008, and she states expressly that her appeal from that grievance was "still pending" when she signed and dated the complaint on October 9, 2008. As

2

she had not yet completed a clearly available administrative remedy before filing this lawsuit, she did not comply with the requirements of § 1997e(a). Accordingly, her complaint must be dismissed without prejudice. An appropriate order shall be issued this day.

Plaintiff is advised that once she has completed the administrative remedies procedures through the highest level of appeal available to her, she may then refile her claims in a new civil action if she so desires, provided that she complies with all filing requirements and consents to pay the $350.00 filing fee.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 19th day of November, 2008.

*/s/ Jack Conrad*
United States District Judge